**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS**

**MARSHA SUE PEARSON,**

    Plaintiff,

          v.                               **Civil Action No. 2:14-CV-26
The Honorable John Preston Bailey**

**CAROLYN W. COLVIN,
Acting Commissioner of Social Security**,

    Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATIONS

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Robert W. Trumble [Doc. 29]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed report and a recommendation ("R & R"), which was filed on May 5, 2015. Before issuing his R & R, Judge Trumble heard oral argument on the pending motions. [Doc. 29, at 2]. The R & R recommends that the Defendant's Motion for Summary Judgment be granted, and Plaintiff's Motion for Summary Judgment be denied. The plaintiff timely filed Objections to the R & R [Doc. 30]. For the reasons set forth below, this Court adopts the R & R.

## I. BACKGROUND

In May 2011, Pearson filed a Title II application for disability insurance benefits, alleging a disability onset date of November 15, 2010. R. 25 [Doc. 7-2, at 26]. Her claim was denied on June 30, 2011, and again, upon reconsideration, on October 13, 2011.

1

Administrative Law Judge Regina Carpenter ("ALJ") held a hearing on November 15, 2012. The ALJ issued an unfavorable decision on November 26, 2012. R. 22 [Doc. 7-2, at 23]. When Pearson requested review by the Appeals Council, she submitted additional medical records; however, the Appeals Council denied the plaintiff's request for review. R. 1 [Doc. 7-2, at 2]. The plaintiff argues that the Appeals Council's denial of review was in error because the evidence regarding plaintiff's work limitations was new, material, and related to the relevant time period. *See infra* Part III. A.

Notably, the plaintiff again filed for disability benefits, alleging a disability onset date of November 15, 2010. The Secretary issued a favorable decision in August 2014 that found Pearson was disabled as of November 27, 2012— one day after the ALJ's decision denying her first claim. Plf's Mot. to Proffer Evid. Ex. 2 [Doc. 17-2]. As discussed *infra* Part III.B., the plaintiff urges this Court to find that this subsequent decision warrants a sixth sentence remand.

## II. STANDARD OF REVIEW

When reviewing a Magistrate Judge's proposed findings of fact and recommendations, this Court must make a "*de novo* determination of those portions of the report . . . to which objection is made. A judge of the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1) (West 2014).

Although this Court will review the Magistrate Judge's R & R under a *de novo* standard of review, this Court's review of the underlying ALJ's decision is limited. *See* **Smith v. Schweiker**, 795 F.2d 343, 345 (4th Cir. 1986). Pursuant to 42 U.S.C. § 405(g)

(West 2014), "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." The standard for the substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" **Richardson v. Perales**, 402 U.S. 389, 401 (1971) (citation omitted). With these standards in mind, this Court will turn to the objections raised by the plaintiff.

### III. DISCUSSION

The R & R provides a detailed discussion regarding Pearson's medical history. Therefore, the undersigned will dispense with the same. Rather, the undersigned will reference the pertinent records when applicable. The ALJ found that Pearson suffered from the following severe impairments: "morbid obesity, chronic obstructive pulmonary disease/restrictive lung disease; sleep apnea; mild degenerative joint disease in the right knee with a bakers cyst, status post aspiration; hypertension; metabolic syndrome; restless leg syndrome; and major depressive disorder." R. 27 [Doc. 7-2 at 28]. Despite these impairments, the ALJ determined that Pearson was not disabled: Pearson had the Residual Functional Capacity to perform sedentary work[1] with the following limitations:

> sit/stand option allowing a person to change position for 1-2 minutes every 30 minutes; can stand/walk no more than ten minutes at a time and for no more than a total of 2 hours per day; no crouching, crawling, or climbing ladders, ropes or scaffolds and no more than occasional balancing, stooping,

---

[1] Sedentary work is defined as "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567.

climbing of stairs or ramps; no concentrated exposure to extreme heat and cold, wetness and humidity, vibration, or hazards such as dangerous moving machinery or unprotected heights; little, if any, exposure to respiratory irritants, such as dust, flumes, odors and gases; limited to simple, routing and repetitive instructions and tasks; performed in a low stress setting, defined as requiring no assembly line or no fast paced production requirements; and no contact with the public and no more than occasional interaction with co-workers and supervisors.

R. 28–29 [Doc. 7-2 at 30]. In making this finding, the ALJ afforded great weight to Pearson's treating primary care physician, Lance Dubberke, M.D., who opined that Pearson could walk 200 feet without marked shortness of breath, and he also approved Pearson to return to work in April 2011. R. 33 [Doc. 7-2, at 34]. The ALJ also considered the opinion of Bennett Orvik, M.D., whom evaluated the plaintiff on September 27, 2011. Dr. Orvik's evaluation indicated that Pearson stated she had no problem sitting, and she can stand for 30-60 minutes. R. 31 [Doc. 7-2, at 32].

In a subsequent claim for benefits, Ms. Pearson received a favorable decision (hereinafter "2014 decision"). [Doc. 17-2]. In the 2014 decision, the Commissioner found that Pearson was disabled as of November 27, 2012. Specifically, the letter stated, "[y]ou said that you became disabled on 11/25/10 because of COPD, diabetes, hypertension, arthritis, sleep apnea, depression, restless leg syndrome, right knee problems, obesity. While the evidence shows you do have these conditions, the evidence indicates your condition worsened 11/27/12." [Doc. 17-2, at 2].

A. **Evidence submitted to Appeals Council**

The first issue presented is whether this case must be remanded for consideration of the additional evidence submitted by Pearson for the first time to the Appeals Council. Although the ALJ considered the treatment notes of Pearson's pulmonologist, Salam

4

Rajjoub, M.D.,[2] upon review to the Appeals Council, Pearson submitted additional records from Dr. Rajjoub, including two opinion letters and an accompanying residual functional capacity questionnaire.  R.  5–15 [Doc. 7-2, at 6–16].

Dr. Rajjoub's March 26, 2013, letter indicated that Pearson suffers from chronic bronchitis, mildly moderate chronic obstructive defect, also known as COPD, asthma, and obesity. R. 7 [Doc. 7-2, at 8].  Dr. Rajjoub also completed a Pulmonary Residual Functional Capacity Questionnaire, which indicated his opinions regarding Pearson's work limitations. R. 12–15 [Doc. 7-2, at 13–16].  He noted that Pearson is incapable of even "low stress" jobs, and she needed to take unscheduled breaks every twenty to thirty minutes.  Further, he opined that Pearson's ability to sit and stand during an eight hour workday was limited, finding that she could only sit or stand for no more than two hours in a eight hour work day. Dr. Rajjoub noted that Pearson was so limited as of September 22, 2010.  R. 9 [Doc. 7-2, at 10].

Pearson's argument primarily concerns two limitations noted by Dr. Rajjoub.  First, Dr. Rajjoub stated that she was limited to sitting no more than two hours per day.  Second, he opined that plaintiff would need unscheduled breaks every twenty to thirty minutes. These opinions would preclude plaintiff from performing any sedentary work.

The Appeals Council is directed to consider additional evidence if the evidence is 1) new, 2) material, and 3) relates to the period on or before the date of the ALJ's decision. *See* **Wilkins v. Sec'y Dep't of Health & Human Servs.**, 953 F.2d 93, 95–96 (4th Cir.

---

[2] Specifically, the ALJ reviewed treatment notes from November 30, 2010, November 9, 2010, September 22, 2010, May 3, 2010, and April 20, 2010.  R. 237–268 [7-7, at 29]; R. 30 [Doc. 7-2, at 29–34].

5

1991) (superseded on other grounds, 20 C.F.R. § 404.1527). "Evidence is new within the meaning of this section if it is not duplicative or cumulative. Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." *Id.* (internal citations omitted). When the Appeals Council incorporates the newly submitted evidence into the record, this Court "must review the record as a whole, including the new evidence, in order to determine whether substantial evidence supports the Secretary's findings." [3] *Id.* at 96.

Plaintiff argues that pursuant to *Meyer v. Astrue*, 662 F.3d 700, 706 (4th Cir. 2011) remand is necessary because Dr. Rajjoub's reports conflict with the existing record that was before the ALJ. In *Meyer*, the record before the ALJ was void of any evidence regarding the plaintiff's limitations. *Id.* at 707. The plaintiff filled this evidentiary gap by submitting an opinion letter from a treating surgeon to the Appeals Council. The Court held remand was necessary because due to the lack of evidence before the ALJ, the Court was unable to find that substantial evidence supported the ALJ's findings. *Id.*

Unlike *Meyer*, where the record lacked any opinions regarding the plaintiff's limitations, here, the ALJ was privy to Dr. Dubberke's treatment notes, who treated the plaintiff throughout the alleged period of disability. In fact, in April 2011, Dr. Dubberke told Pearson that he had no reservations with her returning to work. The consultative examiner, Bennett Orvik, M.D., also reported that plaintiff did not have limitations sitting. Based on this evidence and Pearson's statements regarding her limitations, the ALJ found Pearson

---

[3] The Appeals Council incorporated Dr. Rajjoub's letters and questionnaire into the record. R. 5 [Doc. 7-2, at 6].

could only perform limited sedentary work, limiting her to positions with a "sit/stand option allowing a person to change position for 1-2 minutes every 30 minutes." Further, the RFC limited the plaintiff to standing or walking "no more than ten minutes at a time and for no more than a total of 2 hours per day." R. 28 [Doc. 7-2, at 29]. Contrary to Pearson, the magistrate judge did not invade the fact finding role of the ALJ. Rather, **Wilkins** directs this Court to review the information submitted to the Appeals Council and determine whether substantial evidence supported the ALJ's decision. *See id.* at 96. Because this Court finds that the ALJ's decision is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,'" this Court agrees with the magistrate judge that substantial evidence supports the ALJ's decision. **Richardson v. Perales**, 402 U.S. 389, 401 (1971) (citation omitted).

Next, plaintiff argues that the magistrate judge improperly supplanted the reasons offered by the Appeals Council when it denied review. In the letter denying review, the Appeals Council stated that it did not review Dr. Rajjoub's letters because "[t]his new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before November 26, 2012." R. 2 [Doc. 7-2, at 2]. However, after reviewing Dr. Rajjoub's records, this Court finds that although the records are dated after the ALJ's decision, Dr. Rajjoub's letters and accompanying questionnaire discuss the plaintiff's conditions since 2010. R. 9 [Doc. 7-2, at 10].

Without discussing whether Dr. Rajjoub's opinions discussed the relevant time period, the magistrate judge found that these reports were neither material nor new; therefore, remand was inappropriate. Pearson disagrees with the magistrate judge's

7

harmless error approach, arguing that **SEC v. Chenery Corp.**, 332 U.S. 194, 196 (1947), compels this Court to review the Appeals Council action for the reasons stated by the agency: it can not supply the agency's missing rationale.[4]

Because the Appeals Council denied review, the ALJ's decision becomes the final decision of the agency. *See* **Meyer v. Astrue**, 662 F.3d 700, 705 (4th Cir. 2011) (discussing the difference between the Appeals Council denying review versus making a decision); *see also* **Wilkins v. Sec'y Dep't of Health & Human Servs.**, 953 F.2d 93, 96 (4th Cir. 1991). Because the Appeals Council's denial of a request for review is not subject to judicial review, this Court can not review the Appeals Council's reasoning that the records submitted by plaintiff do not fall within the relevant time period. *See* **Browning v. Sullivan**, 958 F.2d 817, 822 (8th Cir. 1992). As such, the magistrate judge properly analyzed whether Dr. Rajjoub's records warranted remand.

**B.    Plaintiff's Motion to Proffer Evidence**

Finally, the plaintiff objects to the magistrate judge's finding that the Commissioner's 2014 decision that found Pearson disabled as of September 27, 2012 does not warrant a sixth sentence remand under 42 U.S.C. § 405(g).

A sixth sentence remand is a remedy to be used sparingly when evidence is submitted for the first time to the district court. *See* **Melkonyan v. Sullivan**, 501 U.S. 89, 100 (1991) ("In amending the sixth sentence of § 405(g) in 1980, Congress made it unmistakably clear that it intended to limit the power of district courts to order remands for

---

[4]    Courts apply the **Chenery** doctrine to judicial review of social security cases. *See* **McClesky v. Asture**, 606 F.3d 351, 354 (7th Cir. 2010); *see also* **Cunningham v. Harris**, 658 F.2d 239 n.3 (4th Cir. 1981).

'new evidence' in Social Security cases.")  As stated by the magistrate judge, a sixth sentence remand is warranted "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. 405(g).  In a sixth sentence remand, the court "does not rule on the correctness of the administrative determination.  Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding." ***Melkonyan***, 501 U.S. at 98.

In the present case, Pearson moves this Court to consider the Commissioner's 2014 decision.  [Doc. 17].  The 2014 decision found Pearson disabled on November 27, 2012, which was one day after the ALJ's denial that is the subject of this appeal.  Pearson argues remand is necessary because the 2014 decision contains new, material evidence that relates to the period of the instant denial of benefits.  The 2014 decision, stated "[y]ou said you became disabled on 11/15/10 because of COPD, diabetes, hypertension, arthritis, sleep apnea, depression, restless leg syndrome, right knee problems, obesity.  While the evidence shows that you do have these conditions, the evidence indicates your condition worsened 11/27/12. . . . we have concluded your condition was disabling as of that date." On October 17, 2014, Pearson supplemented her motion with supporting documentation from the Commissioner regarding the 2014 decision.[5]  [Doc. 23].

---

[5]  Ms. Pearson supplemented her Motion to Proffer Evidence in order to distinguish her case from ***Baker v. Comm'r of Soc. Sec.***, 520 Fed. Appx. 229, 229 n.1 (4th Cir. 2012)(unpublished *per curiam*).  In ***Baker***, the Fourth Circuit, albeit in an unpublished, *per curiam* decision, held that "a subsequent favorable decision itself, as opposed to the evidence supporting the subsequent decision, does not constitute new and material evidence under § 405(g)." ***Id.*** (quoting ***Allen v. Comm'r of Soc. Sec.***, 561 F.3d 646, 653

As discussed in the R & R, plaintiff submitted additional documentation from the Commissioner. These documents demonstrate that the Commissioner internally discussed the appropriate onset date of disability for the 2014 decision. To determine the appropriate onset date, the Commissioner reviewed the prior psychiatric assessment, dated November 1, 2012, from United Summit Center. R. 508– 510 [Doc. 7-11, at 5–7]. The Commissioner used this assessment to conclude that Pearson's depression and mental health status declined since the November 2012 ALJ hearing.

Specifically, the Commissioner's case analysis states:

> DDS is proposing an allowance for the Title III . . . claim of this 46 year old woman on somatic and psychiatric grounds. . . . There was a prior ALJ denial dated 11/26/2012. The available evidence supports the DDS assessment of severity and MRFC. DDS has set psychiatric onset 1 year after the ALJ denial, suggesting insufficient evidence. There is, however, an assessment from United Summit Center dated 11/1/2012 which paints a picture which appears to be very similar to that of the current C/E. As such, it would be reasonable to infer psychiatric onset at POS of 11/27/2012, i.e. the day after the ALJ denial.

[Doc. 23-1, at 3]. Then, in a document titled "Request for Corrective Action," the Commissioner discusses the onset date:

> The DDS prepared a partially favorable allowance determination based on a mental function capacity assessment that renders the claimant unable to sustain any work-related activity. The evidence supports the assessments with [an] *sic* earlier onset. . . . The DDS found no documentation of her mental status is available between the 11/26/12 ALJ hearing and the 05/29/14 CE . . . Psych evidence shows the claimant has a long-standing history of depression and anxiety with memory and concentration issues that have significantly declined following the ALJ hearing of 11/12. At the 05/29/14 CE, the claimant presented with severe major depression with psychotic features, generalized anxiety, OCD and panic disorder with

---

(6th Cir. 2009)).

10

>agoraphobia. Her memory was severely deficient and concentration was impaired. Prognosis was considered poor. There is an assessment in the prior file from United Summit Center dated 11/20/12, which had a similar assessment of the claimant. The evidence supports the DDS' MRFC assessment, applicable as of 11/27/12, the day after the denial.

[Doc. 23-1, at 5].

Pearson argues that this additional documentation supports her position that the 2014 decision was not based on new evidence. Specifically, because the Commissioner relied on the November 2012 report from the United Summit Center to determine the onset date for the 2014, remand is necessary to require the Commissioner to "assess Ms. Pearson's disabilities between her alleged onset date of November 15, 2010 and the prior ALJ decision dated November 26, 2012." [Doc. 23]. On the other hand, the defendant argues that the 2014 decision was based on additional impairments and new evidence.

To support her argument, Pearson relies on *Bradley v. Barnhart*, 463 F.Supp.2d 577 (S.D. W.Va. 2006), and *Poling v. Astrue*, No. 1:08-CV-161, 2010 WL 446447, at *18 (N.D. W.Va. Feb. 2, 2010). In both of these cases, the district courts held remand was necessary "where the courts found that the second favorable decision was based on evidence relating to the time period before the prior adjudication denying benefits . . .." *Poling*, 2010 WL 446447, at *18.

In *Bradley*, after an ALJ hearing, the claimant was denied benefits on April 26, 2005. 463 F.Supp.2d at 579. Then, based on a subsequent application, in September 2005, the Commissioner issued a favorable decision, finding the claimant disabled as of April 27, 2005. In making its subsequent favorable decision, the Commissioner relied on medical evidence that she received in June 2005. *Id.* at 581. In remanding the decision, the Court

emphasized the proximity of the new evidence forming the basis of the subsequent favorable decision, holding "[t]he tight time line here also provides reasonable cause to believe the new and material evidence relates to the period on or before the date of the ALJ's denial of benefits." ***Id.***

In the instant case, the 2014 decision was premised on a consultative examination dated May 29, 2014. Unlike ***Bradley***, Pearson's May 2014 examination did not occur in "close temporal proximity" to the ALJ's decision. The Commissioner did not rely on the November 2012 report to support a finding of disability. Rather, the Commissioner used the November 2012 report to determine the earliest onset date.[6] Therefore, this Court agrees with the magistrate judge that remand is not warranted for two reasons. First, the May 2014 evaluation, which formed the basis of the 2014 decision, does not pertain to the relevant time period in this appeal. Second, the 2014 decision and May 2014 evaluation are not material because an evaluation performed nearly a year and a half after the ALJ denial would not have changed the outcome.

## IV. CONCLUSION

For the reasons set forth above, this Court is of the opinion that Magistrate Judge Trumble's Report and Recommendations **[Doc. 29]** should be and is **ADOPTED**. Further, the Plaintiff's Objections **[Doc. 30]** are **OVERRULED**. Therefore, the Defendant's Motion for Summary Judgment **[Doc. 14]** is **GRANTED** and the Plaintiff's Motion for Summary Judgment **[Doc. 10]** is **DENIED**. Plaintiff's Motion to Proffer Evidence **[Doc. 17]** is hereby

---

[6] The Commissioner's internal documents submitted by Pearson indicate that the record was void of any relevant medical evidence regarding the plaintiff's mental health from the November 2012 decision to the May 2014 examination. [Doc. 23-1, at 5].

**DENIED**.

Accordingly, this Court hereby **DENIES** and **DISMISSES** the plaintiff's Complaint **[Doc. 1]** and **ORDERS** the this matter be **STRICKEN** from the active docket of this Court. The Clerk is directed to enter a separate judgment in favor of the defendant.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: June 16, 2015.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE